FILED

03 OCT 17 AM 9: 35

CLERK, U S. D. ... COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARL E. GJOERLOFF,

        Plaintiff,

CASE NO.: 6:03-CV-846-ORL-28KRS

vs.

TERRY TAYLOR FORD COMPANY
dba GARY YEOMANS FORD,

        Defendant.

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **KARL E. GJOERLOFF**, sues Defendant, **TERRY TAYLOR FORD COMPANY dba GARY YEOMANS FORD**, and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the claim herein pursuant to 42 U.S.C. §2000e-5(f)(e), 28 U.S.C. §§1331, 1343(4). This civil action arises under the laws of the United States. Plaintiff is alleging a violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3). Defendant, **TERRY TAYLOR FORD COMPANY dba GARY YEOMANS FORD**, is a corporation incorporated and doing business in the State of Florida, and the unlawful employment practice of which Plaintiff is complaining was committed in the County of Volusia, State of Florida.

18

## PARTIES

3. Plaintiff, **KARL E. GJOERLOFF**, is an individual and has resided in the County of Volusia, State of Florida, at all times pertinent hereto. From approximately 2000 until on or about September 25, 2002 Plaintiff was employed by the Defendant, **TERRY TAYLOR FORD COMPANY dba GARY YEOMANS FORD**, in the positions of Sales and Finance Manager for the Defendant. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of Salesman.

4. Defendant, **TERRY TAYLOR FORD COMPANY dba GARY YEOMANS FORD**, is a corporation existing under the laws of the State of Florida.

## PROCEDURAL REQUIREMENTS

5. On or about November 26, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Such charge was filed within 300 days of the unlawful employment practices.

6. On or about March 22, 2003, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission and has filed this action within ninety (90) days of receipt of that letter. See Exhibit "A" attached hereto and incorporated herein.

## CLAIM – COUNT I
## RETALIATION FOR OBJECTING TO SEXUAL HARASSMENT

7. Plaintiff is a male and is a member of a protected group under Title VII from discrimination on the basis of sex.

8. On or about December 15, 2001, an officer of the Defendant corporation presented to Plaintiff, in front of approximately Two Hundred Thirty-five (235) of Defendant's employees, an automated gerbil, implying that the Plaintiff, **KARL E. GJOERLOFF**, would use that toy animal for sexual pleasure. As a result, Defendant's employees began to laugh and clap to Plaintiff's shame and humiliation.

9. Subsequent to Defendant's actions, words were written on Plaintiff's desk, as well as Plaintiff's car and personal property, including the words "fag," "faggot," and "cocksucker," for a period of several months. This harassment created a hostile work environment for Plaintiff.

10. Plaintiff did not welcome said conduct.

11. Plaintiff complained to Defendant on more than one occasion regarding these actions allegedly either by Defendant and/or Defendant's employees.

12. On or about August 6, 2002, Plaintiff was terminated from employment amid allegations that Plaintiff had in fact resigned.

13. Defendant's reasons for Plaintiff's separation from employment were false.

14. The Plaintiff was terminated from employment by Defendant in retaliation for complaining that Plaintiff was sexually harassed in the workplace.

15. On or about September 4, 2002, Defendant rehired Plaintiff for employment.

16. On or about September 25, 2002, Plaintiff was terminated from employment when Defendant stated that there were rumors in the Defendant's dealership that the Plaintiff would be filing a lawsuit regarding the above stated allegations.

17. Reasons given by Defendant were pretextual and on fact, Defendant

terminated Plaintiff from employment in retaliation for Plaintiff asserting Plaintiff's rights pursuant to 42 U.S.C. §2000e, et. seq. and Plaintiff's termination by Defendant was unlawful.

18. Defendant's action in retaliating against Plaintiff were willful and intentional.

19. As a result of Defendant's unlawful employment practices, Plaintiff, **KARL E. GJOERLOFF,** has suffered lost past and future wages, lost benefits, mental anguish, humiliation and embarrassment, and continues to suffer those losses.

20. Plaintiff has retained undersigned counsel to represent him in this matter and agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, **KARL E. GJOERLOFF**, demands damages for the following:

    a. Issue an Order enjoining Defendant to cease and desist from the conduct described above, and from harassing Plaintiff in any manner whatsoever.

    b. Issue an Order requiring Defendant to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described above, and from all other forms of harassment in the future.

    c. Issue an Order enjoining Defendant from any past or future violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq.

    d. Compensatory damages including back pay, future pay, lost benefits and other sums to which Plaintiff, **KARL E. GJOERLOFF**, is entitled under Title VII of the Civil Rights Act.

  e. Damages for mental anguish and suffering to Plaintiff, **KARL E. GJOERLOFF**, as a result of Defendant's retaliatory/discriminatory practices.

  f. Costs and disbursements incurred in the prosecution of this action including reasonable attorney's fees pursuant to 42 U.S.C. §12117 and 42 U.S.C. §2000-5(k).

  g. Punitive damages for Defendant's willful and reckless violation of the Act.

  h. Such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's unlawful employment practices.

  i. Trial by jury.

## CLAIM- COUNT II
## SEXUAL HARASSMENT/HOSTILE ENVIRONMENT

21. Plaintiff is male and as such is a member of a protected group under Title VII from discrimination on the basis of sex.

22. On or about December 15, 2001, an officer of the Defendant corporation presented to Plaintiff, in front of approximately Two Hundred Thirty-five (235) of Defendant's employees, an automated gerbil, implying that the Plaintiff, **KARL E. GJOERLOFF**, would use that toy animal for sexual pleasure. As a result, Defendant's employees began to laugh and clap to Plaintiff's shame and humiliation.

23. Subsequent to Defendant's actions, words were written on Plaintiff's desk, as well as Plaintiff's car and personal property, including the words "fag," "faggot," and "cocksucker," for a period of several months. This harassment created a hostile work

environment for the Plaintiff based upon sex.

24. Defendant's action constituted a hostile work environment based upon sex in violation of 42 U.S.C. § 2000(e) et. seq.

25. Plaintiff did not welcome said conduct.

26. Defendant, by and through Defendant's harassment, acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and psychological well being.

27. As a result of Defendant's unlawful employment practices, Plaintiff, **KARL E. GJOERLOFF,** has suffered mental anguish, humiliation and embarrassment, and continues to suffer those losses.

28. Plaintiff has retained undersigned counsel to represent him in this matter and agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, **KARL E. GJOERLOFF**, demands damages for the following:

a. Issue an Order enjoining Defendant to cease and desist from the conduct described above, and from harassing Plaintiff in any manner whatsoever.

b. Issue an Order requiring Defendant to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described above, and from all other forms of harassment in the future.

c. Issue an Order enjoining Defendant from any past or future violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq.

d. Damages for mental anguish and suffering to Plaintiff, **KARL E.**

**GJOERLOFF**, as a result of Defendant's retaliatory/discriminatory practices.

  e. Costs and disbursements incurred in the prosecution of this action including reasonable attorney's fees pursuant to 42 U.S.C. §12117 and 42 U.S.C. §2000-5(k).

  f. Punitive damages for Defendant's willful and reckless violation of the Act.

  g. Such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's unlawful employment practices.

  h. Trial by jury.

Respectfully submitted this \_\_16\_\_ day of October, 2003,

_____
DAVID W. GLASSER, ESQUIRE
GLASSER AND HANDEL
150 South Palmetto Avenue, Box N
Daytona Beach, Florida 32114
Telephone: (386) 252-0175
Facsimile: (386) 248-2237
Fla. Bar No. 780022
Attorney for Plaintiff

F:\Files\LL\G-J\Gjeorloff\comp.amend.wpd